# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

_____

| | |
|---|---|
| CHARLES ADAM FIECHTNER, SR., | CV 11-13-M-DWM-JCL |
| Plaintiff, | |
| | FINDINGS AND |
| vs. | RECOMMENDATION |
| BIO LIFE PLASMA,<br>JULIE BECK, and<br>MICHAEL KORNISH, | |
| Defendants. | |

_____

## I.  INTRODUCTION AND *IN FORMA PAUPERIS* APPLICATION

Plaintiff Charles Fiechtner, Sr. has filed an amended application to proceed in forma pauperis as directed by the Court's Order entered January 31, 2011, filed in one of Fiechtner's other cases, *Fiechtner v. Peevey, et al.*, CV 11-7-M-DWM-JCL.  The Court takes judicial notice of that application for purposes of considering Fiechtner's eligibility to proceed in forma pauperis in this action.

Upon review of Fiechtner's amended application, the Court finds his declaration satisfies the financial eligibility standard applicable under 28 U.S.C. § 1915(a).  Therefore, **IT IS HEREBY ORDERED** that Fiechtner is granted leave

1

to proceed in forma pauperis, and this action may proceed without payment of the filing fee.

Fiechtner has also filed an Amended Complaint as required by the Court's February 1, 2011 Order entered in this case.  In view of Fiechtner's in forma pauperis status, the Court must conduct a preliminary screening of his allegations pursuant to 28 U.S.C. § 1915(e)(2).  The statute states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal–
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  Accordingly, the Court will review Fiechtner's Amended Complaint to consider whether it can survive dismissal under these provisions.

*See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.  PLAINTIFF'S ALLEGATIONS

Fiechtner commenced this action on January 21, 2011, when he filed his original Complaint.  In substance, Fiechtner's Complaint sought compensation because a staff member at Bio Life Plasma told him he has hepatitis.

The Court conducted a preliminary review of Fiechtner's Complaint, and by Order entered February 1, 2011, the Court noted numerous defects in the allegations of that Complaint which rendered it subject to dismissal.  The Court, however, afforded Fiechtner an opportunity to cure the referenced deficiencies, and to file an Amended Complaint.

Fiechtner's Amended Complaint again advances claims for relief against Bio Life Plasma because its employee incorrectly told him he has hepatitis. Fiechtner also identifies Julie Beck and Michael Kornish as Defendants in this action.  But he fails to state how each of the referenced Defendants were involved in the events that give rise to this action — he does not set forth any allegations describing any conduct committed by either of these Defendants.

## III.  DISCUSSION

Fiechtner is proceeding pro se in this case.  Therefore, the Court must construe his pleading liberally, and the pleading is held to less stringent

3

standards.[1]  A court should consider granting a pro se litigant an opportunity to amend a defective pleading unless the court determines that the pleading could not possibly be cured by the allegation of other facts.[2]

In its February 1, 2011 Order, the Court identified jurisdictional defects that existed in the allegations of Fiechtner's original Complaint.  The Court advised Fiechtner as to the nature of the factual allegations he must include in his pleading to establish that the Court has jurisdiction over this action.  Fiechtner, however, has again failed to plead any factual allegations sufficient to invoke the Court's jurisdiction as required by Fed. R. Civ. P. 8(a)(1).[3]

A federal court does not automatically have jurisdiction over any and all complaints filed with the court.  Rather, a federal court's jurisdictional authority is

---

[1]*Haines v. Kerner*, 404 U.S. 519, 520 (1972).  *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).

[2]*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

[3]Pro se litigants are "bound by the rules of procedure."  *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

limited, and the court may presume that a lawsuit lies outside its limited jurisdiction.[4]  A plaintiff must show that jurisdiction is proper in this court.[5]

Based on the allegations set forth in the Amended Complaint, the only potential grounds for jurisdiction over this action are either diversity of citizenship jurisdiction under 28 U.S.C. § 1332, or federal question jurisdiction under 28 U.S.C. § 1331.  Fiechtner's Amended Complaint, however, fails to set forth factual allegations sufficient to show that this Court has jurisdiction over the subject matter of his complaint.

## A.  Diversity Jurisdiction

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity of citizenship between the plaintiff and each of the defendants.[6]  That means that each plaintiff must be a citizen of a state that is different than the state of which each defendant is a citizen.[7]

---

[4]*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted).

[5]*Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

[6]*Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005)).

[7]*Morris v. Princess Cruises, Inc.* 236 F.3d 1061, 1067 (9th Cir. 2001).

Fiechtner's Amended Complaint continues to suffer from the same defects identified in the Court's February 1, 2011 Order. Fiechtner's Amended Complaint states that he is a citizen of Montana, and that Defendants Julie Beck and Michael Kornish are also citizens of Montana. Because these parties are all citizens of the same State, the Court does not have diversity jurisdiction under 28 U.S.C. § 1332.

### B.  Federal Question Jurisdiction

Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Although Fiechtner makes a bare allegation that his cause of action stems from "constitutional & civil rights" violations, the supporting factual allegations in his Amended Complaint do not plead any cause of action arising under any specific provision of the United States Constitution, or the laws or treaties of the United States as required for jurisdiction under § 1331. Instead, Fiechtner's allegations focus only on Defendants' conduct in telling him he has hepatitis, and Fiechtner does not identify any specific constitutional right any Defendant may have violated.

Based on the foregoing, Fiechtner's allegations in his Amended Complaint again fail to state a claim for relief arising under any provision of federal law. Thus, this action is subject to dismissal for lack of jurisdiction. Having previously

afforded Fiechtner an opportunity to cure the defects in his original Complaint, and to file an Amended Complaint which sufficiently invokes the Court's jurisdiction, the Court finds that Fiechtner's Amended Complaint could not possibly be cured by the allegation of other facts.  Therefore, it should be dismissed.

## IV.  CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED** for failure to state a claim on which relief may be granted, and for lack of jurisdiction.

DATED this 28th day of February, 2011.

 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

7